# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40816

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff-Appellee,

v.

MICHELLE ROSALES,

> Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-859-1

Before JONES, HO, and OLDHAM, Circuit Judges.

PER CURIAM:*

Michelle Rosales violated the terms of her supervised release. The district court sentenced her to 20 months in prison. Rosales appeals. We affirm.

I.

Rosales pleaded guilty to smuggling illegal aliens and was sentenced to four months of imprisonment and three years of supervised release. During

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40816

her term of supervised release, Rosales was again arrested for smuggling aliens. That conduct violated the terms of her supervised release.[1] Accordingly, the district court held a revocation hearing.

At the hearing, the probation officer stated that the Guidelines range for Rosales's supervised-release violation was six to twelve months. The district court asked whether two years was the maximum sentence. The probation officer confirmed it was. The district court also inquired, however, what the Guidelines range would have been if Rosales had been indicted and charged for the second alien-smuggling arrest. The probation officer replied the range would be twenty-four to thirty months for that offense.

During the colloquy, the probation officer suggested the district court revoke Rosales's supervised release and impose a sentence of six months' imprisonment. Rosales countered that a four-month sentence of imprisonment and a two-month stint in a halfway house would be appropriate.

The district court rejected both suggestions. The court noted it "gave [Rosales] a break" by adopting "the low end of the Guidelines last time," which turned out to be "a mistake." Accordingly, the district court was "[n]ow . . . looking at protecting the public." It therefore revoked Rosales's supervised release and sentenced her to 20 months' imprisonment with no additional term of supervised release. Rosales timely appealed.

II.

Rosales argues the district court improperly considered the factors listed in 18 U.S.C. § 3553(a)(2)(A) when it imposed her revocation sentence. She also challenges the substantive reasonableness of her sentence. We discuss each

---

[1] Although Rosales was not charged for this offense, her conditions of supervised release required that she commit no new law violations and refrain from associating with persons engaged in criminal activity. The parties agree that Rosales's conduct constitutes a violation of those terms.

argument in turn.

## A.

Before the district court, Rosales objected only that the revocation sentence was greater than necessary. She never argued the district court considered improper factors. We therefore review her first argument for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

## 1.

To demonstrate the district court plainly erred, Rosales must show: (1) a forfeited error that is (2) "clear or obvious, rather than subject to reasonable dispute," and that (3) "affected [her] substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Only if "those three conditions have been met"—and "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings"—may we "exercise [our] discretion to correct the forfeited error." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks omitted).

When imposing a revocation sentence, a district court should consider certain § 3553 factors. *See* 18 U.S.C. § 3583(e). It cannot, however, rely on § 3553(a)(2)(A) factors—the sentence cannot be imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A); *see United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). Although these factors can be "a secondary concern or an additional justification for the sentence," they cannot be a "dominant" consideration. *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015); *see United States v. Sanchez*, 900 F.3d 678, 684 n.5 (5th Cir. 2018) ("Mere *mention* of impermissible factors is acceptable; to constitute reversible error, our circuit has said, the forbidden factor must be 'dominant.'").

No. 18-40816

2.

Rosales argues the district court impermissibly relied on § 3553(a)(2)(A). And she contends this factor was a dominant consideration in the district court's analysis. We know this is so, she argues, because the district court engaged in a lengthy colloquy during the revocation hearing regarding the Guidelines range for alien smuggling (as opposed to the range for violating the terms of supervised release).

This argument fails. For starters, the district court never stated it was basing its sentencing decision on a perceived need to punish Rosales. Instead, it explicitly based its sentence on other considerations:

> It's my opinion that I gave you a break when I gave you half the low end of the Guidelines last time without a 5K. Obviously, that was a mistake on my part. Now I'm looking at protecting the public. I've looked at the Guidelines for this, the Advisory Guidelines for this, and I'm very concerned with the protection of the public. Your criminal conduct clearly has not been deterred. It's the same exact criminal conduct as your last.

> I'm going to revoke your supervised release based on protecting the public and deter—and not as a deterrence, but really based on protection of the public. This is particularly egregious behavior and I'm going to revoke your supervised release to 20 months followed by no supervised release.

The record thus demonstrates the court based its sentence primarily on need to protect the public and, to a lesser extent, Rosales's tendency towards recidivism and her breach of the district court's trust. These are permissible considerations in a revocation hearing. *See* 18 U.S.C. § 3553(a)(2)(C) (enumerating the need "to protect the public from further crimes of the defendant"); U.S.S.G. Ch. 7, Pt. A, intro. comment 3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."); *United States v. Smith*, 672 F. App'x

4

481, 482 (5th Cir. 2017) (per curiam) (concluding the district court properly considered "the need to address [the defendant's] tendency towards recidivism and the risk his continuing offenses posed to the public").

It does not matter that the district court asked about the Guidelines range associated with smuggling aliens. We have affirmed a revocation sentence on materially identical facts. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 271–72 (5th Cir. 2007) (affirming a revocation sentence where the district court "inquired what the Guidelines sentence for illegal reentry would have been" if the defendant had been prosecuted and convicted for that offense). If anything, this is an easier case than *Hernandez-Martinez*. There the district court imposed a revocation sentence within the Guidelines range for the uncharged crime of illegal reentry, which might suggest punishment for that conduct was the district court's dominant purpose. *See id.* at 272. Here by contrast, the district court sentenced Rosales below the hypothetical Guidelines range for alien smuggling, which makes it even more tenuous to suggest the court was motivated by a desire to punish her for the uncharged conduct.

Moreover, the district court's inquiries were, at most, "passing remarks"; they were not the "main focus throughout the hearing." *Rivera*, 784 F.3d at 1017. Even when asking for the hypothetical Guidelines range, the district court seemed most concerned with the dangerous nature of Rosales's conduct—that she "reckless[ly] endanger[ed]" the lives of the two aliens she "stuff[ed] . . . under the floorboards of a minivan." That further suggests the district court was mainly motivated by a desire to protect the public.

### B.

Rosales's challenge to the substantive reasonableness of her revocation sentence also fails. She did, however, preserve this objection. Accordingly, we review her revocation sentence "for an abuse of discretion, examining the

totality of the circumstances." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). To be substantively unreasonable, the sentence must: (1) "not account for a factor that should have received significant weight, (2) give[] significant weight to an irrelevant or improper factor, or (3) represent[] a clear error of judgment in balancing the sentencing factors." *Id.* (quoting *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007)).

Rosales argues that the district court's "reliance on improper factors renders the sentence substantively unreasonable." But, as already discussed, the record does not show that the court gave significant weight to an improper factor. Moreover, Rosales's 20-month revocation sentence does not exceed the statutory maximum. We therefore conclude the revocation sentence is substantively reasonable.

The judgment and sentence are AFFIRMED.